[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and defendants entered into a contract on March 4 1987 (Plaintiff's Exhibit 23) whereby plaintiff CT Page 4333 was to frame defendant's house in Bethlehem. The contract was commenced and completed. The contract specified a schedule of payments.
Thereafter the plaintiff claimed that "extras" were performed pursuant to an oral contract with defendants. Among those "extras" were roofing and siding for the house. The plaintiff and defendants disagreed on the oral contract price for those extras.
The defendants further claimed in a special defense that the statute of limitations had run between the original agreement in 1987 and the amended complaint in 1990. The plaintiff alleged that the original action was brought in 1988 and that the amended complaint did not substantially change the cause of action.
It has long been recognized that:
 If the amendment essentially corrects or amplifies the claim originally presented it is always treated as relating back to the date the action was commenced . . . [and] no statute of limitations problem is presented. But, if the amendment introduces a substantially new claim, the amendment can be regarded as, in effect, a new lawsuit and therefore barred if the statute of limitations governing that claim has expired.
Hand v. Clark, 6 CTLR 123, 124 (March 30, 1992, Pickett, J.), quoting F. James G. Hazard, Civil Procedure Section 5.7 (2d ed.) See also Stephenson, Connecticut Civil Procedure, Section 993 (2d ed.) (stating that "[a] claim for additional damages for the same wrong may be added by amendment after expiration of the period of limitations since no new cause of action is being introduced"); Collens v. New Canaan Water Co. 155 Conn. 477, 481, 2345 A.2d 825 (1967). See also Giglio v. Connecticut Light Power Co., 180 Conn. 230, 239,429 A.2d 486 (1980) (stating that amendments "`relate back to the date of the complaint unless they allege a new cause of action.'"). (Citations omitted).
It is clear from the pleadings that the cause of action is identical. Defendants' First Special Defense must fail as a matter of law.
The defendants claim in their second special defense that the work completed was not done in a workmanlike manner. They counterclaim that, as a result, they were forced to expend sums of money to attempt to remedy many defects and CT Page 4334 that the reasonable value of the house has been diminished thereby.
The defendants offered no testimony as to the value of the property. Our courts have held;
 The basic measure of damages for injury to real property is the resultant diminution in its value. . . . In order to assess the diminution in value, however, the trial court must first determine the value of the property, both before and after the injury has occurred. . . . In actions requiring such a valuation of property, the trial court is charged with the duty of making an independent valuation of the property involved. . . . `"[N]o one method of valuation is controlling and . . . the referee may select the one most appropriate in the case before him."' Slavitt v. Ives, 163 Conn. 198, 212, 303 A.2d 13 (1972). Moreover, a variety of factors may be considered by the trial court in assessing the value of such property. `[T]he trial court arrives at his own conclusions by weighing the opinions of the appraisers, the claims of the parties, and his own general knowledge of the elements going to establish value, and then employs the most appropriate method of determining valuation.'. . . (Citations omitted.)
Ratner v. Willametz, 9 Conn. App. 565, 584, 520 A.2d 621 (1987).
The plaintiff testified that he had been self-employed for five years in the framing business and had met the defendants in his capacity as President of his closely-held corporation, Andrew's Framing, Inc. The defendant, Mr. Gagnon, had a set of plans from which he bid the original contract. (Plaintiff's Exhibit #23).
During the course of the project he indicated that the defendants requested that he add more space in the family room, add framing to stairwells which extra work expended two (2) days. The plaintiff claimed that these extras cost $1,575.00. (Plaintiff's Exhibit 23).
The defendants testified that the bid for extras was $500.00 and that they had in fact paid the plaintiff $14,500.00. (Defendants' #19, 20, 21, 22), which amount was in excess of the contract price by $1,000.00.
The court had the opportunity to assess the quality of the witnesses' testimony in conjunction with many photographic exhibits. It is clear from the evidence that the CT Page 4335 workmanship of the plaintiff was very questionable. The real measure of poor quality was not clear until the siding was installed. Because of the interrelationships between that claim and the factual issues on the charges for siding and roofing the court will remark on them together.
The plaintiff claimed $3,000.00 for roofing in his invoice, (Plaintiff's Exhibit #24), and $6,500.00 for siding in that same invoice. The defendants both testified to the oral contract with plaintiff wherein a price of $1,000.00 was agreed to by the parties for roofing and $3,500.00 for siding. The defendant, Frederick Gagnon, testified that the defendants had purchased the materials. The court finds the testimony of the defendants credible on this issue.
The court finds that the extras were valued at $500.00, and the remaining labor was contracted for $4,500.00.
The siding, when installed, left some clapboards, originally four inches to a height of one and one-half inches. The siding seams do not match at the corners. Window sills were out of line and doors were installed so they jammed. The plaintiff indicated that the "foundation was off", but the general condition of the siding was such that it was clearly unacceptable.
With respect to the roof, the shingle edges were rough, and valleys were not connected. The defendants were forced to hire another contractor to finish the work, and rework defective areas. That expense was $900.00. The defendants' conceded a $75.00 charge to add a skylight. The defendants further claimed $200.00 for replacement of materials that were damaged or destroyed by the plaintiff.
On the basis of the evidence presented, the court finds that the original contract was completed with defective workmanship. The court finds that the oral contract for siding was for $3,500.00 and for roofing, $1,000.00. The defendants proved damages for defective workmanship in the amount of $1,100.00. The court finds that because defendants presented no other evidence of diminution of value, no other assignment of damages in their counterclaim would be appropriate.
Credit to defendants for overpayment of extras, $500.00.
Credit to defendants for poor workmanship, $1,100.00 for a total of $1,600.00 credit to defendants. CT Page 4336
 Due Plaintiff siding $3,500.00 roofing 1,000.00 skylight 75.00 --------- 4,575.00 Less credits 1,600.00 --------- Total due plaintiff $2,975.00
Judgment shall enter in that amount. No costs are assessed against either party.
DRANGINIS, J.